DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-171-RLV
(5:06-cr-001-RLV-DCK-1)

| | |
|---|---|
| QUENTIN DEMER WILLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on Respondent's Motion to Dismiss Petitioner's Motion to Vacate, (Doc. No. 8).[1] For the reasons that follow, Petitioner's Section 2255 motion will be dismissed as untimely.

## I. BACKGROUND

On January 23, 2006, a federal grand jury sitting in the Western District of North Carolina charged Quentin Demer Willis ("Petitioner") with conspiracy to distribute at least 5 kilograms of cocaine and at least 50 grams of cocaine base, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (Count Two); possession of a firearm in furtherance of a drug trafficking crime, in violation of

---

1 Petitioner initially sought relief on the additional grounds of 28 U.S.C. § 2241, audita querela, and coram nobis, but Petitioner voluntarily dismissed those arguments on January 22, 2013. See (Doc. No. 6).

1

18 U.S.C. § 924(c) (Count Three); and possession of firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Four). (Case No. 5:06cr001, Doc. No. 3: Sealed Indictment).

Contemporaneously with the indictment, the Government filed an information under 21 U.S.C. § 851, noticing Petitioner's prior conviction for felony possession of cocaine in Iredell County, for which he received a sentence of six to eight months. (Id., Doc. No. 4: Information).

Several months after the indictment was returned, Petitioner entered into a plea agreement with the Government in which he agreed to plead guilty to Counts One (conspiracy) and Three (firearm in furtherance of drug trafficking). (Id., Doc. No. 39: Plea Agreement; Doc. No. 75: Judgment). As part of his plea agreement, Petitioner acknowledged the minimum and maximum terms of imprisonment he faced for each offense (20 years to life for the conspiracy, and a consecutive minimum 5 year term of imprisonment on the firearm offense) and that he waived all rights to challenge his conviction and sentence on appeal or in post-conviction collateral proceedings, except for claims of ineffective assistance of counsel and prosecutorial misconduct. See (Id., Doc. No. 39 at ¶¶ 4; 20: Plea Agreement). At a Rule 11 hearing, he affirmed, under oath, his guilt and that he understood the terms of his plea agreement, including the waiver of his appellate and post-conviction rights. See (Id., Doc. No. 40).

This Court ultimately sentenced Petitioner to 240 months on the conspiracy count and a consecutive 60-month sentence for the Section 924(c) offense, for a total of 300 months. See (Id., Doc. No. 75). The Court entered the judgment on May 7, 2007. (Id.). Petitioner appealed, and the Fourth Circuit affirmed his conviction and sentence in an unpublished opinion dated September 13, 2007. United States v. Willis, 247 Fed. App'x 457 (4th Cir. 2007). The Fourth Circuit issued its mandate on October 9, 2007. (Case No. 5:06cr001, Doc. No. 99). On August 4, 2011, and then again on August 30, 2012, this Court entered Orders denying Petitioner's

motion to reduce his sentence under the crack cocaine amendments. (Id., Doc. Nos. 136; 152).

Petitioner filed the instant Section 2255 petition on November 9, 2012, more than five years after the Fourth Circuit issued its mandate affirming Petitioner's conviction and sentence. In his petition, Petitioner seeks relief from the 20-year mandatory, minimum sentence imposed in Count One because his prior conviction for felony possession of cocaine is no longer a qualifying predicate felony after United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner also contends that his petition is timely under 28 U.S.C. § 2255(f)(4) because Simmons was a new "fact" under Section 2255(f)(4), and he seeks "equitable tolling" in the event his petition is not deemed timely by this Court.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the parties' briefs on Respondent's motion to dismiss, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

3

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's judgment became final when his right to file a petition for certiorari expired on or about January 9, 2008, or 90 days after the entry of the Fourth Circuit's mandate (October 9, 2007). See Clay v. United States, 537 U.S. 522, 530 (2003). Because Petitioner filed his motion to vacate on November 9, 2012, nearly five years later, his motion is untimely under Section 2255(f)(1).

Petitioner concedes that he did not file the Section 2255 petition within one year of the date on which his conviction became final. Petitioner argues, however, that the petition is timely under Section 2255(f)(4), which provides that a petition may be filed within one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner asserts that the holding in Simmons that the predicate felony used to support his enhanced sentence is no longer a qualifying felony constitutes a new "fact," triggering the re-opening of the one-year time period. "Facts" as used in Section 2255(f)(4), however, refers to an actual or alleged event or

4

circumstances, not to the date a petitioner recognizes its legal significance. See United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005). Section 2255(f)(4), therefore, may not be used to re-open the time period for filing an initial Section 2255 petition on the basis of new legal authority; rather "subsequent interpretations of the law 'can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).'" Sun Bear v. United States, 644 F.3d 700, 702 n.5 (8th Cir. 2011) (en banc) (quoting district court opinion).

Petitioner does not allege that he recently discovered any new facts pertinent to his claim for relief under Simmons. Instead, Petitioner relies entirely on the change in the law that Simmons recognized. Because Section 2255(f)(4) does not serve to re-open the time period for filing an initial Section 2255 under these circumstances, it does not render Petitioner's motion timely. Accord McLeod v. United States, No. 5:12cv622, 2013 WL 831633 (E.D.N.C. Mar. 6, 2013) (petitioner's motion to vacate seeking Simmons relief was not timely under Section 2255(f)(4)). In sum, Petitioner's motion to vacate is time-barred.

The Court next considers whether Petitioner is entitled to equitable tolling. To be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. United States v. Oriakhi, 394 Fed. Appx. 976, 977 (4th Cir. 2010). Petitioner contends that equitable tolling should be applied in this case because the sentencing enhancement that he received based on the prior drug conviction led to a mandatory minimum sentence that was twice the length it would have been absent the enhancement and because Petitioner diligently pursued his rights. Petitioner's argument for the application of equitable tolling has no merit. Even if the Court were to apply equitable tolling in this case, Petitioner would still not be entitled to Simmons relief because he received a sentence that was less than the statutory maximum sentence allowed even without the

5

sentencing enhancement. See United States v. Powell, 691 F.3d 554, 563 n.2 (4th Cir. 2012) (King, J., dissenting in part and concurring in the judgment in part).

Finally, even if the petition had been timely filed, Petitioner explicitly waived in his plea agreement his right to challenge his sentence in a post-conviction proceeding, aside from ineffective assistance of counsel and prosecutorial misconduct claims. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a Section 2255 post-conviction proceeding. Petitioner's Simmons claim does not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies and, even if not time-barred, his Section 2255 motion would be subject to dismissal because he waived his right to bring this challenge.

### IV. CONCLUSION

In sum, Petitioner's Section 2255 is time-barred.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Section 2255 motion, (Doc. No. 1), is dismissed with prejudice as untimely.

2. Respondent's Motion to Dismiss, (Doc. No. 8), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 1, 2013

Richard L. Voorhees
United States District Judge